This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**NO. 33,154**

**STATE OF NEW MEXICO,**

Plaintiff-Petitioner,

v.

**ADAN M. CARRILLO,**

Defendant-Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Petitioner

Jacqueline L. Cooper, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Respondent

**DECISION**

**BOSSON, Justice**

{1}     We decide this case by unpublished Decision pursuant to Rule 12-405(B)(1) NMRA. The legal issues presented in this case were previously decided, leaving only the application of facts to the law in this particular case. For reasons that follow, we reverse the Court of Appeals and affirm the convictions.

{2}     On June 28, 2007, a jury convicted Defendant, Adan M. Carrillo, of two counts of criminal sexual penetration of a minor (CSPM) and one count of criminal sexual contact of a minor (CSCM). Defendant appealed, alleging among other things, that he was subjected to double jeopardy when the jury received identical jury instructions regarding the two counts of CSPM. *See State v. Carrillo*, No. 28,258, slip op. at 2 (N.M. Ct. App. Jul. 14, 2011). Based on identical jury instructions, Defendant argued that the jury convicted him twice for the same conduct.

{3}     In a Memorandum Opinion, the Court of Appeals agreed with Defendant. The Court held that insufficient evidence distinguished the alleged incidents of CSPM, so that the identical jury instructions created a double-jeopardy issue which compelled it to reverse the second CSPM conviction. *Carrillo*, No. 28,258, slip op. at 8, 10. The Court reasoned that the State had failed to elicit sufficient testimony from Victim distinguishing the encounters by "time, place, or conduct." *Id.* at 9.

{4} We granted the State's petition for a writ of certiorari to determine whether the two identical jury instructions, when considered in light of the evidence, violated Defendant's right to be free from double jeopardy. *State v. Carrillo*, 2011-NMCERT-__, __ N.M.__, __ P.3d__. Because there was sufficient evidence from which the jury could have found that Defendant engaged in fellatio with Victim on more than one occasion, we conclude that the verdicts did not violate double jeopardy.

{5} We review constitutional questions of double jeopardy de novo. *State v. Swick*, 2012-NMSC-018, ¶ 10, 279 P.3d 747, 752. The Fifth Amendment, applicable to New Mexico through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb. . . ." U.S. Const. amend. V; *Swick*, 2012-NMSC-018, ¶ 10. This is a unit-of-prosecution claim of double jeopardy because Defendant was charged with two violations of the same statute, NMSA 1978, Section 30-9-11 (2003) (amended 2009). *See Swick*, 2012-NMSC-018, ¶ 10 (stating that unit-of-prosecution cases are those where "a defendant challenges multiple convictions under the same statute").

{6} In *State v. Salazar*, 2006-NMCA-066, ¶31, 139 N.M. 603, 611, 136 P.3d 1013, 1021, our Court of Appeals held that identical jury instructions regarding CSPM did not violate the defendant's double jeopardy rights in the context of that case. The

defendant was charged with multiple counts of CSPM. *Id.* ¶ 1. The jury was instructed as to nine identical counts of CSPM, but found the defendant guilty of only two. *Id.* ¶ 6. Although the victim was unable to link most of the CSPM charges to particular times, the victim was able to identify various locations and differing types of penetration. *Id.* ¶ 30. The Court upheld the convictions in spite of the identical instructions, stating that "the evidence presented to the jury shows that there was some distinguishing facts for the different counts," and therefore, the jury could have found that each act was in some sense distinct. *Id.* ¶¶ 30-31. Overall, the Court found "sufficient evidence presented to the jury from which it could have found two separate incidents of criminal sexual penetration. The fact that each incident was instructed identically does not change this conclusion." *Id.* ¶ 31.

{7} In its Memorandum Opinion in this case, the Court of Appeals relied primarily on two cases to conclude that the jury convicted Defendant twice for the same conduct. In *State v. Dombos*, 2008-NMCA-035, 143 N.M. 668, 180 P.3d 675, the Court of Appeals upheld a defendant's conviction for attempted criminal sexual penetration even though the jury received identical jury instructions regarding the charges. *Id.* ¶ 23. In *Dombos*, the adult victim testified that the defendant had "force[d] her to perform fellatio 'at least four times.'" *Id.* ¶ 20. She further testified

3

that this conduct took place apart from the consensual intercourse the couple engaged in, and on different evenings. *Id.* ¶ 20 The defendant challenged the multiple charges on the basis that this testimony was insufficient to demonstrate that the attempted acts of fellatio were separate and distinct. *Id.* ¶ 22. The Court of Appeals disagreed. *Id.* ¶¶ 22-23. The Court held that the identical jury instructions did not violate the defendant's double jeopardy rights, stating that the adult victim's testimony established that the conduct "was not unitary because the incidents were separated by time and intervening events." *Id.* ¶ 23.

{8}     In *State v. Martinez*, 2007-NMCA-160, ¶ 14, ¶ 17, 143 N.M. 96, 101, 173 P.3d 18, 23, the Court of Appeals upheld defendant's convictions of multiple counts of CSPM, despite the jury having received carbon-copy jury instructions. *Id.* ¶ 14, ¶17. The indictment charged the defendant with multiple counts of CSPM occurring over two different time periods. *See Id.* ¶ 4, ¶ 11, ¶ 15. The victim, an adolescent, testified about various locations where the events took place and gave specific details about the events. *Id.* ¶12-13 Additionally, the Court found it significant that the defendant confessed to having sexual intercourse with the victim. *Id.* ¶ 14. The Court held the carbon-copy instructions did not violate double jeopardy because the victim described with particularity the alleged events, such that there was substantial evidence for the

jury to find the defendant guilty of each separate crime. *Id.* ¶ 14, ¶ 17.

{9}     In considering these cases, we recognize, as did the Court of Appeals, that the Victim in this case did not provide as much specificity regarding the different encounters with Defendant as did the victims in *Dombos* and *Martinez*. Yet, unlike the victims in those two cases, Victim here was only seven years old when she testified as to events that had occurred when she was only five years old. In sexual abuse cases, children are often unable to remember specific dates and times of sexual abuse. *See State v. Baldonado*, 124 N.M. 745, 750, 955 P.2d 214, 219 (Ct. App. 1998) (recognizing that prosecuting child sexual assault cases is difficult as the crimes are often unwitnessed, and stating "it is not difficult to appreciate that young children cannot be held to an adult's ability to comprehend and recall dates and other specifics") (internal quotation marks, alteration, and citation omitted).

{10}     Notwithstanding the relative lack of specificity when compared to *Dombos* and *Martinez*, we find it especially significant that Defendant in this case was charged with only two counts of CSPM, not with every incident in which CSPM might have occurred. Therefore, we need be satisfied only that the evidence supported more than one count of CSPM, not each and every incident that might have supported a criminal charge.

{11}    Like *Salazar*, the evidence in this case supported a conclusion that, at the very least, Defendant inflicted more than one act of fellatio—separate and distinct from each other—upon the Victim.  At trial, Victim testified that Defendant would "stick his private in my mouth."  After he did this, Victim stated that she would "spit up."  When asked on direct examination how often this occurred, Victim testified that "[i]t happened a lot of times."  Specifically, on direct examination, when asked if this occurred more than once, Victim answered "yes."  When asked if this occurred more than twice, Victim answered "yes."  Finally, when asked if this occurred more than three times, Victim answered "yes."  On cross-examination, Victim testified that she would spit up at different locations in the room—by the chest and by the door.  Similar to the victim in *Salazar* who could identify different locations where the abuse occurred, Victim in this case was able to identify various locations where she would spit up.  Although perhaps less specific than the testimony in *Salazar*, Victim's testimony here was sufficient enough for the jury to find more than one incident of CSPM, despite the identical jury instructions.

{12}    As stated previously, we do acknowledge that the evidence of distinctness in this case is less exacting than descriptions given by the older victims in other cases.  In its closing argument, the State also recognized this shortcoming in explaining why

6

Defendant was charged with only two counts. ("[Victim] can't tell you when it happened.". . . "We're here with two counts because we can't pinpoint when, but we know it happened and we know who did it."). We think the State correctly demonstrated self-restraint in its selection of charges, and based on our review of the evidence we are satisfied that those charges are sufficiently distinct so as to avoid double-jeopardy concerns.

**CONCLUSION**

{13}    Accordingly, we reverse the Court of Appeals and reinstate Defendant's conviction for the second count of CSPM.

{14}    **IT IS SO ORDERED.**


_____
                                    **RICHARD C. BOSSON, Justice**

**WE CONCUR:**


_____
**PETRA JIMENEZ MAES, Chief Justice**



_____
**EDWARD L. CHÁVEZ, Justice**

_____

**CHARLES W. DANIELS, Justice**


_____

**PAUL J. KENNEDY, Justice**